IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | CASE NO. 2:25-CV-00324-JRG |
| TAIWAN SEMICONDUCTOR MANUFCATURING COMPANY LIMITED | § § § § § | |
| *Defendant*. | § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Opposed Motion for Leave to Conduct Venue Discovery (the "Motion") filed by Plaintiff Advanced Integrated Circuit Process LLC ("Plaintiff"). (Dkt. No. 49). In the Motion, Plaintiff moves for leave to conduct "targeted and limited venue discovery" consisting of: three (3) interrogatories; two (2) requests for production; and a total of three (3) hours of additional 30(b)(6) deposition testimony of Mick Hsieh and Nick Tsai, to be divided by Plaintiff among the two (2) witnesses. (*Id*. at 1, 5; *see also* Dkt. No. 49-3 at 1). Having considered the Motion and its related briefing, and for the reasons set forth herein, the Court finds that it should be and hereby is **GRANTED**.

I.   **BACKGROUND**

On August 1, 2024, Plaintiff filed suit against Defendant Taiwan Semiconductor Manufacturing Company Limited ("Defendant") in *Advanced Integrated Circuit Process LLC v. Taiwan Semiconductor Manufacturing Company Limited*, No. 2:24-cv-00623-JRG (E.D. Tex. 2024) ("*AICP I*"). (Dkt. No. 57 at 1). In *AICP I*, the parties "agreed to conduct jurisdictional and venue discovery" after Defendant moved to transfer the case to the United States District Court

for the Northern District of California ("NDCA") under 28 U.S.C. § 1404(a). (*Id.* at 1–2). As a part of the venue discovery there, Plaintiff served five (5) interrogatories, six (6) requests for production, and three (3) personal deposition notices, and conducted one (1) Rule 30(b)(6) deposition with fifteen (15) topics. (*Id.* at 2). Defendant then withdrew its request to transfer *AICP I*. (*Id.* at 7).

On April 1, 2025, Plaintiff filed this case ("*AICP II*") against Defendant. (Dkt. No. 1). *AICP I* is similar to *AICP II*, but the cases have differences. Specifically, and while Plaintiff accuses the same Defendant of selling similar, if not identical, products (semiconductor devices) that infringe Plaintiff's patents to the same customers in both cases, Plaintiff asserts different patents in each case. (Dkt. No. 1 ¶¶ 35, 52–56; *compare AICP I*, Dkt. No. 1 ¶¶ 17, 29, 67).

On June 11, 2025, Defendant moved to transfer *AICP II* to NDCA under 28 U.S.C. § 1404(a). (Dkt. No. 30). Although the parties met and conferred regarding venue discovery in *AICP II*, the parties reached an impasse. (Dkt. No. 49 at 9).

**II.    LEGAL STANDARD**

District courts have "broad discretion in all discovery matters, and such discretion will not be disturbed ordinarily unless there are unusual circumstances showing a clear abuse." *Moore v. CITGO Ref. & Chemicals Co., L.P.*, 735 F.3d 309, 315 (5th Cir. 2013) (quoting *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir. 2000)); *Green v. Life Ins. Co. of N. Am.*, 754 F.3d 324, 329 (5th Cir. 2014) ("A district court abuses its broad discretion when its decision is based on an erroneous view of the law, but we will only vacate a court's judgment if it affected the substantial rights of the appellant. The appellant must prove both abuse of discretion and prejudice.") (citations omitted).

In all cases, discovery decisions "must . . . 'adhere to the liberal spirit of the Rules'" of Civil Procedure. *U.S., ex rel., Rigsby v. State Farm Fire & Cas. Co.*, 794 F.3d 457, 469 (5th Cir. 2015), *aff'd sub nom. State Farm Fire & Cas. Co. v. U.S ex rel. Rigsby*, 137 S. Ct. 436 (2016) (citing FED. R. CIV. P. 26(b)(1)). The court's discretion—and the liberal thrust of the Rules of Civil Procedure—extends to jurisdictional discovery.[1] *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 n.13 (1978) ("[W]here issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues."); *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006) (holding that jurisdictional discovery decisions "will not be disturbed" absent a "clear abuse") (quoting *Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 221 (5th Cir. 2000)).

Particularly because the Rules favor broad discovery, jurisdictional discovery should only be denied where it is *impossible* that the discovery "could . . . add[] any significant facts" that might bear on the jurisdictional determination. *Alpine View*, 205 F.3d at 221; *Blitzsafe Texas LLC v. Mitsubishi Electric Corp.*, No. 2:17-cv-00430-JRG, 2019 WL 2210686, at *3 (E.D. Tex. May 22, 2019). Put another way, jurisdictional discovery should routinely be granted unless "no amount of information . . . would strengthen" the movant's jurisdictional claims. *Alpine View*, 205 F.3d at 221 (quoting *Wyatt v. Kaplan*, 686 F.2d 276, 284 (5th Cir. 1982)). Since evidence of jurisdictional facts is often largely or wholly in the possession of an adverse party, broad jurisdictional discovery also ensures that jurisdictional disputes will be "fully and fairly" presented and decided. *See Rozier v. Ford Motor Co.*, 573 F.2d 1332, 1345 (5th Cir. 1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)); *accord Pudlowski v. St. Louis Rams, LLC*, 829 F.3d 963, 964–65 (8th Cir. 2016)

---

[1] The term "jurisdictional discovery" encompasses both the venue inquiry and the personal jurisdiction inquiry because each inquiry must be satisfied before the court has authority of the court to render a valid judgment. *Atl. Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49 (2013) (holding that a case filed in the "wrong" venue must be dismissed under 28 U.S.C § 1406(a)); *Daimler AG v. Bauman*, 571 U.S. 117, 124 (2014) (holding that a court which lacks personal jurisdiction must dismiss the case).

("[Discovery] as to jurisdiction or venue . . . makes good sense given that jurisdiction is (1) important, (2) often fact-intensive, and (3) only required to be alleged plausibly . . . . A court has an independent obligation to ensure that the case is properly before it. Discovery is often necessary because jurisdictional requirements rest on facts that can be disputed") (quoting *Oppenheimer Fund*, 437 U.S. at 340 n.13); *Sanderson v. Spectrum Labs, Inc.*, 248 F.3d 1159 (7th Cir. 2000). The scope of jurisdictional discovery is circumscribed by the rule which authorizes it—Rule 26—which requires, among other things, that discovery be "proportional to the needs of the case." FED. R. CIV. P. 26(b)(1).

### III.  ANALYSIS

In the Motion, Plaintiff argues that venue discovery is proper for two (2) reasons. (Dkt. No. 49 at 3–7). First, Plaintiff asserts that "it is not only possible, but *likely*, that discovery will reveal significant facts relevant to the convenience of this venue." (*Id*. at 3 (emphasis in original)). As support, Plaintiff contends that venue discovery will likely reveal witnesses (Defendant's customers) within Texas. (*Id*. at 3–4). Second, Plaintiff contends that venue discovery in *AICP I* has not precluded venue discovery in *AICP II*. (*Id*. at 4). As support, Plaintiff notes that venue is analyzed "on a case-by-case basis." (*Id*. (citing *Uniloc USA, Inc. v. Tangome, Inc.*, No. 6:16-cv-00380-JRG, 2016 WL 9240543, at *2 (E.D. Tex. Nov. 14, 2016))). Plaintiff further asserts that venue discovery would not be duplicative of that in *AICP I* as the parties have agreed to a cross-use provision that allows Plaintiff to use *AICP I*'s venue discovery here. (*Id*.).

Defendant argues in response that venue discovery in this case should be denied because it is "unreasonably cumulative or duplicative" of that in *AICP I*. (Dkt. No. 57 at 3 (citing FED. R. CIV. PRO. 26(b)(2)(C))). As support, Defendant asserts that *AICP I* and *II* have a "complete overlap" between the accused products and customers in this case and *AICP I*. (*Id*. at 4–5).

4

According to Defendant, Plaintiff "is unable to identify any 'new' venue-related information that it actually needs" in this case. (*Id.* at 7).

Ultimately, the Court agrees with Plaintiff. The Court must assess the eight (8) venue transfer factors "considering the circumstances of the specific case at issue." *In re TikTok, Inc.*, 85 F.4th 352 (5th Cir. 2023). While both *AICP I* and *II* involve the same Defendant selling similar (if not identical) accused products to the same customers, the cases are not identical. (Dkt. No. 1 ¶¶ 35, 52–56; *compare AICP I*, Dkt. No. 1 ¶¶ 17, 29, 67). Rather, Plaintiff has asserted different patents in both cases, which may require the testimony of different witnesses to fully evaluate the pending Motion to Transfer. Given these differences, venue discovery, albeit reduced in scope, is warranted here.

Additionally, venue discovery comports with Federal Rule of Civil Procedure 26 and would not be "unreasonably duplicative" of that in *AICP I*. FED. R. CIV. P. 26(b)(2)(C). Notably, the parties have entered into a cross-use agreement which obviates Defendant's need to reproduce discovery in *AICP II* which it has already produced in *AICP I*. (*See* Dkt. No. 49-2). Under such circumstances, Federal Rule of Civil Procedure 26(b)(2)(C) should not bar additional venue discovery. Importantly, Plaintiff's requested venue discovery in *AICP II* is much narrower than the venue discovery completed in *AICP I*.[2] Plaintiff's narrowed request is therefore "proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1).

## IV.   CONCLUSION

Accordingly, the Court finds that the Motion (Dkt. No. 49) should be and hereby is **GRANTED**. Accordingly, it is **ORDERED** that Plaintiff shall have leave to Plaintiff to conduct

---

[2] For example, Plaintiff requests *a third* of the requests for production in *AICP II* (3) as compared to *AICP I* (6). (Dkt. No. 49 at 5; Dkt. No. 57 at 7). Further, Plaintiff requests to serve *about half* of the interrogatories in *AICP II* (3) as compared to *AICP I* (5). (Dkt. No. 49 at 5; Dkt. No. 57 at 7).

venue discovery consisting of: three (3) interrogatories, two (2) requests for production; and a total of three (3) hours of additional 30(b)(6) deposition testimony of Mick Hsieh and Nick Tsai, to be divided by Plaintiff among the two (2) witnesses. Given the narrow scope of the venue discovery, such discovery shall be completed with sixty (60) days of the date of this Order.

**So ORDERED and SIGNED this 24th day of November, 2025.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE