**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:25-CV-00324-JRG |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, | § § § § | |
| *Defendant.* | § § | |

## FIRST AMENDED PROTECTIVE ORDER

WHEREAS, Plaintiff Advanced Integrated Circuit Process LLC ("AICP") and Defendant Taiwan Semiconductor Manufacturing Company Limited ("TSMC") hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties in the above-captioned action involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c);

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1.      Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected

Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL."

2.   To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, a producing Party may designate the Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and to the extent such Protected Material includes Sensitive Technical Information, the producing Party may designate such Protected Material as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION."  Sensitive Technical Information includes documents or electronically stored information ("ESI") that contains Defendant's critically sensitive trade secret intellectual property, the disclosure of which reasonably could be expected to cause exceptionally severe and irreparable damage to the producing Party, and includes the following documents or ESI:  Recipes, Process Flows, Training Materials, and the like, and if produced, Layout Files (which may include GDS and GDSII files) of accused products or processes.

(a)   "Recipes" shall mean the human or machine-readable instructions used to configure and/or control the actual equipment used in connection with a specific step in a Process Flow;

(b)   "Process Flows" shall mean a chart and/or other type of document that identifies and/or defines steps for the manufacturing process for a specific semiconductor device and/or integrated circuit;

(c)   "Training Materials" shall mean the materials used to train fabrication engineers about and how to use Defendant's proprietary methods and materials for making semiconductor wafers;

(d)    "Layout Files" shall mean layout or mask files that are used for definition and/or data exchange of integrated circuit or IC layout artwork. Layout Files include, but are not limited to, GDS or GDSII (whether corrected or non-corrected GDS or GDSII files), CIF, OASIS, Mann, and any and all configuration and/or support files created during the design or review of the layout, including all mask and/or stencil sets that define geometry for any lithographic steps.

The producing Party shall use its best efforts to ensure that Information or Items designated as Sensitive Technical Information are appropriately designated as such. Sensitive Technical Information designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION" will be made available for inspection only according to the procedures set forth in paragraph 11.

3.    "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought.  For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

4.    Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Highly Confidential - Attorneys' Eyes Only" shall receive the same treatment as if designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

5.    With respect to documents, information or material designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; (e) discovery responses, including answers to interrogatories and to requests for admission, and (f) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

6.    A designation of Protected Material (*i.e.*, CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION" both individually and collectively.

unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials.

7.    "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating party, upon order of the Court, or as set forth in paragraph 16 herein:

(a)    outside counsel of record in this Action for the Parties;

(b)    employees of such outside counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c)    in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided, however, that access by in-house counsel pursuant to paragraph 7(c) be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client;

(d)    up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent;

(e)    outside consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and any employees or support staff of such outside consultants or experts, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2), before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access

to the Protected Material is to be given to that consultant or expert to object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. In the event of such a dispute, no disclosure shall occur until all such objections are resolved by agreement or Court order;

(f)     independent litigation support services, including persons working for or as court reporters, graphics or design services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(g)     any jury or trial consulting services, including mock jurors and support personnel, subject to their signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     any mediator who is assigned to hear this matter, and his or her staff, subject to their signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(i)     the Court and its personnel.

8.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

9.     Documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL (i) shall be used by the Parties only in this litigation for prosecuting, defending, or attempting to settle this Action; (ii) shall not be used for any other purpose, and (iii) shall not be disclosed to any person who is not entitled to receive such Protected Material as herein provided.

All produced Protected Material shall be carefully maintained so as to preclude access by persons who are not entitled to receive such Protected Material, and any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

10. For Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 7(a-b) and (e-i). Nothing in this paragraph precludes outside counsel for a Party from informing their client(s) designated under paragraph 7(d) and who agree to be bound by this Protective Order of high-level damages estimates, solely to aid in settlement discussions or mediation and advise on damages models, so long as no information "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" is revealed.

11. For Protected Material designated HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION, the following additional restrictions apply:

(a) Access to a Party's Sensitive Technical Information shall be provided only on "stand-alone" computers (that is, the computers may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet), other than solely for the purposes of connecting to a remote device storing such Sensitive Technical Information. The stand-alone computers may be connected to a highresolution color laser printer. The hardware and software specifications of the stand-alone computers (*e.g.*, processor speed, RAM, operating system, and monitor) shall be commensurate with that of computers

used by the producing Party to work with the Sensitive Technical Information in the ordinary course of business. Additionally, the stand-alone computers may only be located at the offices of the producing Party's outside counsel or at another location designated by the producing Party in the United States;

(b)     The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computers to normal business hours, which for purposes of this paragraph shall be 9:00 a.m. through 5:00 p.m. local time where the standalone computers are located. However, upon reasonable notice from the receiving Party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computers outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Sensitive Technical Information at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action;

(c)     The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computers in order to access the produced Sensitive Technical Information on the stand-alone computers;

(d)     No cell phones, PDAs, cameras, smartwatches or devices with camera functionalities, computers (other than a notetaking laptop computer that cannot connect to the Internet), or recordable or storage media (*e.g.*, USB drive) will be permitted inside the same room as the stand-alone computers ("review room"). A telephone and internet access will be provided in a room convenient to and near the review room—*i.e.*, a room in close proximity to the review room; a reviewer shall be permitted to access the internet and use a personal cell phone in that room.

(e)     The receiving Party's outside counsel and/or expert shall be entitled to take notes relating to the Sensitive Technical Information by hand or on a notetaking laptop computer provided by the producing Party. The notetaking laptop computer shall be configured with Microsoft Word, such that the receiving Party's outside counsel and/or expert can create and edit documents saved on the notetaking laptop computer. All documents that the receiving Party's outside counsel and/or expert creates, edits, and/or saves to the notetaking laptop computer shall be encrypted using Microsoft Word's "Encrypt with Password" functionality. The receiving Party's outside counsel and/or expert may not take any electronic notes on the stand-alone computers. At the end of each review day, the producing Party and the receiving Party's outside counsel and/or expert shall together remove the notetaking laptop computer from the review room to a nearby room, where the receiving Party's

outside counsel and/or expert can plug an encrypted USB memory device into the notetaking laptop computer for the sole purpose of transferring any encrypted documents from the notetaking laptop computer to the encrypted USB device. Such transfer shall take place under the supervision of the producing Party.

(f)     The receiving Party's outside counsel and/or expert shall not copy Sensitive Technical Information into their notes. Any notes relating to the Sensitive Technical Information will be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(g)     The producing Party shall make available on the stand-alone computer any software necessary to open and adequately review the Sensitive Technical Information. The receiving Party's outside counsel and/or experts shall have access to the same Sensitive Technical Information review software and tools as provided to the producing Party's outside counsel and/or experts when reviewing that Sensitive Technical Information. In addition, the producing Party's expert(s) will be subject to the same printing restrictions as the receiving Party, and the producing Party shall not send to its expert(s) any Sensitive Technical Information in any electronic format.

(h)     Access to Protected Material designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION" shall be limited to outside counsel and up to five (5) outside consultants or experts[2] (*i.e.*, not existing employees or affiliates of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to this Protective Order;

(i)     A receiving Party may include excerpts of Sensitive Technical Information in a pleading, brief, exhibit, expert report, discovery document, deposition transcript, or other Court document, provided that the document is appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders;

(j)     To the extent portions of Sensitive Technical Information are quoted in a document, either (1) the entire document will be stamped and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE

---

[2] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

TECHNICAL INFORMATION" or (2) those pages containing quoted Sensitive Technical Information will be separately stamped and treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION";

(k)     Except as set forth in paragraph 11(q) below, no electronic copies of Sensitive Technical Information shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures, and orders, must be filed or served electronically;

(l)     The reviewing Party may select portions of Sensitive Technical Information for printing only when reasonably necessary to facilitate the reviewing Party's preparation of court filings, expert reports, and exhibits, and the reviewing Party shall request for printing only such portions as are believed to be relevant to the claims and defenses in the case and are reasonably necessary for such purposes. The reviewing Party shall not request the printing of Sensitive Technical Information that has not been reviewed on the stand-alone computer, or in order to review the Sensitive Technical Information elsewhere in the first instance, i.e., as an alternative to reviewing the Sensitive Technical Information on the stand-alone computer. The reviewing Party shall designate the file excerpts, pages, or screenshots of Sensitive Technical Information for which it would like hard-copy printouts by saving copies of such file excerpts, pages, or screenshots to a designated folder on the stand-alone computer. At the request of the reviewing Party, the producing Party shall, within four (4) business days, provide five (5) hard copy printouts, printed using a high-resolution color laser printer on pre-Bates numbered, watermarked paper, of the specific file excerpts, pages, or screenshots of the designated Sensitive Technical Information which, for documents exceeding 5 pages, is not to exceed 200 consecutive lines from an Excel spreadsheet, 20 consecutive pages of any Word or PDF document, 20 consecutive slides from a PowerPoint presentation, 50 consecutive pages of a circuit layout file, and not to exceed a maximum of 20% of the total content of any individual document or file.

(m)     Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION" and shall continue to be treated as such;

(n)     If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Sensitive Technical Information, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Sensitive Technical Information, for the dates associated with the

proceeding(s); (ii) the sites where any deposition(s) relating to the Sensitive Technical Information are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition);

(o)    The receiving Party shall maintain a record of any individual who has inspected any portion of the Sensitive Technical Information in electronic or paper form;

(p)    A producing Party's Sensitive Technical Information may only be transported by the receiving Party at the direction of a person authorized under paragraph 11(h) above, to another person authorized under paragraph 11(h) above, on paper or removable encrypted electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Sensitive Technical Information may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. However, this should not be understood to prohibit the electronic transmittal of testifying experts' reports or drafts, court filings, and trial demonstratives that may refer to Sensitive Technical Information subject to the limitations set forth in paragraph 11(q) herein, and as long as such electronic transmittal is by secure electronic means, such as download via secure FTP. Court filings containing Sensitive Technical Information may be submitted via the Court's ECF filing system subject to the limitations set forth in paragraph 11(q) herein.

(q)    Notwithstanding any other provision herein, the receiving Party may make electronic copies of excerpts of Sensitive Technical Information for the sole purpose of providing excerpts in a pleading, exhibit, demonstrative, expert report, discovery document, or other Court document filed under seal in accordance with the Court's rules, procedures, and orders, or drafts thereof, and should designate each such document "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION." The receiving Party shall provide notice to the producing Party's outside counsel for each occasion on which it submits excerpts of Sensitive Technical Information in a pleading or other Court document.

(r)    At the receiving Party's request prior to a deposition, the producing Party shall make requested Sensitive Technical Information available on a stand-alone computer during the depositions of individuals listed in paragraph 16 herein. The receiving Party may also request the printing by the producing Party of a reasonable amount of Sensitive Technical Information for use at a deposition,

which request shall not be unreasonably denied. Any printouts of Sensitive Technical Information prepared for use at a deposition will not be marked as an exhibit, and the producing Party may thereafter destroy such printouts.

12.    Any attorney representing a Party, whether in-house or outside counsel, and any person who is both associated with a Party and permitted to receive the other Party's Protected Material that is designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SENSITIVE TECHNICAL INFORMATION" (collectively, "HIGHLY SENSITIVE MATERIAL") who obtains, receives, has access to, or otherwise learns, in whole or in part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order  shall not be involved in the prosecution of patents or patent applications relating to fabricating semiconductor devices and/or lithographic or etching aspects of fabricated semiconductor devices. For purposes of this paragraph, "prosecution" includes any proceeding in which a party may directly or indirectly draft, amend, advise as to, or otherwise affect the scope of patent claims. To avoid any doubt, "prosecution" as used in this paragraph does not include representing a party before a domestic or foreign agency (including, but not limited to, a reissue protest, ex parte reexamination, inter partes reexamination, inter partes review, or post-grant proceeding) so long as the attorney who has received HIGHLY SENSITIVE MATERIAL does not participate directly or indirectly in drafting, amending, advising as to, or otherwise affecting the scope of patent claims. This Prosecution Bar shall begin when access to HIGHLY SENSITIVE MATERIAL is first received by the affected individual and shall end for each such person one

(1) year after the earlier of (i) the entry of a final non-appealable or non-appealed judgment in this action; or (ii) the complete settlement of this action. Paragraph 12 does not preclude an attorney or person associated with a Party that has received a producing Party's HIGHLY SENSITIVE MATERIAL from participating in any post-grant patent proceedings before the United States Patent and Trademark Office, including for example reexamination, inter partes review, and/or post-grant review that is instituted by a party challenging the validity of any patent-in-suit.

13.    The provisions of paragraph 12 relate to individuals, and do not run to an individual's entire firm or entity. In other words, an individual shall be subject to these provisions if such individual receives the information specified above. Other individuals in the same firm or entity, however, who have not received such information and who have not discussed such information will not themselves be subject to the provisions of paragraph 12.

14.    Nothing in this Order shall require production of documents, information, or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity

may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The receiving Party shall immediately gather, destroy, and certify destruction of all copies of such documents, information, or other material to the producing Party.

15.    There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

16.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 10 of this Order); (vi) an independent

contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

17. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION" pursuant to this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

18. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

19.     The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

20.     A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

21.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

22.    To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contend the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

23.    To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY-SENSITIVE TECHNICAL INFORMATION" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

24.    Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding the foregoing, outside counsel of record shall be entitled to maintain copies of all pleadings, expert reports, motions

and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, hearing transcripts, and exhibits offered or introduced into evidence at any hearing or trial, emails and their attachments, and their attorney work product which refers or is related to any Protected Material for archival purposes only, so long as the Protected Material does not include Sensitive Technical Information. Any such archived copies that contain or constitute Protected Material remain subject to this Order and shall be maintained in confidence by outside counsel for the Party retaining the materials. This provision does not apply to the Court, including court personnel and the Court's reporter. Any destruction obligations under this Protective Order shall not apply to electronically stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

25. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the later designation of such documents, information or material, or the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

26. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with

the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

27. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

28. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

29. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

30. Subject to other provisions of this Order, no Defendant is required to produce its DESIGNATED MATERIAL to any other Defendant. Also subject to other provisions of this Order, Plaintiff may not disclose one Defendant's DESIGNATED MATERIAL to another Defendant, including through Court filings, oral argument in Court, expert reports, discovery responses, document production, or any other means.

31.  Disclosure of DESIGNATED MATERIAL shall be subject to all applicable laws and regulations relating to the export of technical data contained in such DESIGNATED MATERIAL, including the release of such technical data to foreign persons or nationals in the United States or elsewhere. The producing Party shall be responsible for identifying any such controlled technical data, and the receiving Party shall take measures necessary to ensure compliance.

32.  Notwithstanding any other provision herein (including, for the avoidance of doubt, Paragraph 9), documents, information or material produced in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, may be used by AICP and TSMC in *Advanced Integrated Circuit Process LLC v. United Microelectronics Corporation/Taiwan Semiconductor Manufacturing Company Limited*, Nos. 2:24-cv-00730 (Lead) & 2:24-cv-00623 (Member) (E.D. Tex.) ("*AICP v. TSMC I*"), in relation to TSMC's motion to transfer venue and AICP's opposition to that motion in AICP v. TSMC I. DESIGNATED MATERIAL in this Action shall be treated as DESIGNATED MATERIAL pursuant to the Protective Order in *AICP v. TSMC I* (Docket No. 71), and any subsequent amendments thereto.

**So ORDERED and SIGNED this 27th day of January, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | CASE NO. 2:25-CV-00324-JRG |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, | § § § § | |
| *Defendant.* | § § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, _____, declare that:

1.  My address is _____.

    My current employer is _____.

    My current occupation is _____.

2.  I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.  I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION" that is disclosed to me.

4.      Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY- SENSITIVE TECHNICAL INFORMATION" that came into my possession, and all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5.      I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____


Date _____