**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| ADVANCED INTEGRATED CIRCUIT PROCESS LLC, | § § § | |
| *Plaintiff,* | § § § | |
| v. | § § § | CASE NO. 2:25-CV-00324-JRG |
| TAIWAN SEMICONDUCTOR MANUFACTURING COMPANY LIMITED, | § § § § | |
| *Defendant.* | § § | |

**<u>MEMORANDUM OPINION AND ORDER</u>**

Before the Court is the Motion to Dismiss (the "Motion") filed by Defendant Taiwan Semiconductor Manufacturing Company Limited ("Defendant"). (Dkt. No. 10). In the Motion, Defendant moves to dismiss Plaintiff Advanced Integrated Circuit Process LLC's ("Plaintiff") willful, induced, and contributory infringement claims under Federal Rule of Civil Procedure 12(b)(6). (*Id*. at 1). Having considered the Motion and its related briefing, and for the reasons stated herein, the Court finds that the Motion should be **GRANTED-IN-PART** and **DENIED-IN-PART**.

## I.     BACKGROUND

On April 01, 2025, Plaintiff filed suit, alleging that Defendant infringes four (4) of its patents: U.S. Patent No. 7,632,751 (the "'751 Patent"); U.S. Patent No. 7,439,623 (the "'623 Patent"); U.S. Patent No. 8,329,572 (the "'572 Patent"); and U.S. Patent No. 8,884,373 (the "'373 Patent) (collectively, the "Asserted Patents"). (Dkt. No. 1 ¶ 35). Generally, the Asserted Patents relate to methods of manufacturing semiconductors or the structures thereof. (*Id*. ¶¶ 38, 42, 46, 49).

## II.    LEGAL STANDARD

### (a) Rule 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court can dismiss a complaint that fails to state a claim upon which relief can be granted.  To survive dismissal at this early stage, a complaint must state enough facts such that the claim to relief is plausible on its face.  *Thompson v. City of Waco*, 764 F.3d 500, 502 (5th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A claim is facially plausible when the plaintiff pleads enough facts to allow the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court accepts well-pled facts as true and views all facts in the light most favorable to the plaintiff, but it is not required to accept the plaintiff's legal conclusions as true.  *Id.*

### (b) Willfulness

To state a claim for willful infringement, a complaint must plead that infringement was "intentional or knowing."  *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S.Ct. 1923, 1926 (2016). This Court has held that "plausible allegations concerning knowledge of the patents-in-suit may be sufficient" to state a claim of willfulness.  *Plano Encryption Technologies, LLC v. Alkami Technology, Inc.*, 2017 WL 8727249, at *2 (E.D. Tex. Sep. 22, 2017) (collecting cases).

### (c) Induced Infringement

"Whoever actively induces infringement of a patent shall be liable as an infringer."  35 U.S.C. § 271(b).  "[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"  *Commil USA, LLC v. Cisco Systems, Inc.*, 575 U.S. 632, 639 (2015) (quotation omitted).  The intent necessary for a claim of "[i]nducement can be found where there is [e]vidence of active steps taken to encourage direct

2

infringement." *Barry v. Medtronic, Inc.*, 914 F.3d 1310, 1334 (Fed. Cir. 2019) (quoting *Vanda Pharm. Inc. v. W.-Ward Pharm. Int'l Ltd.*, 887 F.3d 1117, 1129). "These 'active steps' can include 'advertising an infringing use,' 'instructing how to engage in an infringing use,' and assisting in performing an infringing use." *Motiva Patents, LLC v. Sony Corp.*, 408 F. Supp. 3d 819, 828 (E.D. Tex. 2019) (quoting *Barry*, 914 F.3d at 1334).

### (d) Contributory Infringement

"Contributory infringement occurs if a party sells or offers to sell, a material or apparatus for use in practicing a patented process, and that 'material or apparatus' is material to practicing the invention, has no substantial non-infringing uses, and is known by the party 'to be especially made or especially adapted for use in an infringement of such patent.'" *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1337 (Fed. Cir. 2012) (citing 35 U.S.C. § 271(c)). To state a claim for contributory infringement, "a plaintiff must, among other things, plead facts that allow an inference that the components sold or offered for sale have no substantial non-infringing use." *Motiva*, 408 F. Supp. 3d at 829.

### III.    ANALYSIS

Defendant moves to dismiss Plaintiff's (a) willful, (b) induced, and (c) contributory infringement claims. (Dkt. No. 10, at 1). The Court addresses each theory of infringement in turn.

### (a) Willful Infringement

Defendant argues that the Court should dismiss Plaintiff's willful infringement claims on two (2) grounds: (1) the Complaint has insufficiently pled that Defendant had the requisite pre-suit knowledge for pre-suit willful infringement; and (2) the Complaint has insufficiently pled that Defendant's infringement was deliberate or intentional. (*Id*. at 6). The Court addresses each below.

3

### (1) Pre-suit knowledge

#### (A) <u>The '751 Patent</u>

On August 18, 2009, the U.S. Patent & Trademark Office (the "Office") issued a notice of allowance ("NOA") in the '751 Patent's corresponding application. (Dkt. No. 26 at 4–5). Almost three (3) months later, on November 3, 2009, the Office cited that application to Defendant as a prior art reference against Defendant's own patent application. (Dkt. No. 1 ¶ 76). Then, on December 15, 2009, the '751 Patent issued. (Dkt. No. 1-2, at 1). Now, the Parties dispute whether Plaintiff sufficiently pled that Defendant knew of the '751 Patent before this suit was filed through its knowledge of an allowed but not yet issued patent application.

Defendant argues that its knowledge of an allowed application is insufficient to allege that Defendant knew of the later-issued patent. (Dkt. No. 10, at 8). As support, Defendant asserts that willful infringement requires an existing patent, not an application. (*Id.*).

Plaintiff disagrees. Plaintiff argues that, "if an accused infringer receives notice of a patent application for which a notice of allowance has been issued . . . the accused infringer may well be found to have knowledge of the claims when they issue." (Dkt. No. 26, at 4 (citation omitted)).

Under these facts, the Court agrees with Plaintiff. Normally, the "mere notice of the pendency of a patent application is not sufficient to support a finding of willful infringement of the subsequently-issued patent." *Diamond Grading Techs. Inc. v. American Gem Society*, 2016 WL 3902482, at *2 (E.D. Tex. Mar. 20, 2016). The United States Court of Appeals for the Federal Circuit has explained that, generally, patent applications provide insufficient notice because "[f]iling an application is no guarantee any patent will issue . . . What the scope of the claims in the patents that do issue will be is something totally unforeseeable." *State Indus., Inc. v. A.O. Smith Corp.*, 751 F.2d 1226, 1236 (Fed. Cir. 1985); *but see Blitzsafe Tex., LLC v. Volkswagen Gr.*

*Of Am., Inc.*, 2016 WL 4778699, at \*6 (E.D. Tex. Aug. 19, 2016) ("*State Industries* does not hold that no matter the context, a party's exposure to a patent application cannot give rise to knowledge of the claims in a later-issued patent").

However, those foreseeability concerns may diminish once the Office issues an NOA. *See Maxell Ltd. v. Apple Inc.*, 2019 WL 7905455, at \*5 (E.D. Tex. Oct. 23, 2019); *Blitzsafe*, 2016 WL 4778699, at \*6. Indeed, a NOA indicates that "the applicant is entitled to a patent under the law." 37 C.F.R. § 1.311. The foreseeability concerns diminish because the issuance of a NOA limits the possible actions an applicant may take. First, the applicant may not amend the claims as a matter of right. *See* 37 C.F.R. § 1.312. Instead, any claim amendments must be "entered on the recommendation of the primary examiner, approved by the Director." *Id*. Second, and even if the applicant amends the claims under Rule 1.312, these amendments are typically limited to "formal matters without changing the scope of the claims." Manual of Patent Examining Procedure § 714.16. In other words, once a NOA has issued, a third party can be reasonably certain that the allowed claims (or claims having a very similar if not identical scope) will issue.

Here, it is undisputed that the applicant did not materially amend the claims upon receiving an NOA. Nor is there a dispute over whether the applicant reopened prosecution with a request for continued examination. Instead, the applicant timely paid the issuance fee, thereby obtaining letters patent. This happened shortly after Defendant became aware of the '751 Patent's corresponding and allowed application. Under these specific facts—which the Court must view in a light most favorable to Plaintiff—the Court may reasonably infer that Defendant knew of the '751 Patent. *See Motiva*, 408 F. Supp. 3d at 827. Any knowledge that the NOA conferred was conferred when the patent issued and such knowledge reasonably relates back to the date that the notice was obtained after the NOA but before formal issuance.

Accordingly, the Court finds that the Motion should be **DENIED** with respect to pre-suit willfulness of the '751 Patent.

### (B) *The '623 Patent*

The '623 Patent issued on October 21, 2008.  (Dkt. No. 1-3, at 1).  More than two (2) years after the patent issued, on December 22, 2010, the Office cited the '623 Patent's prior publication (U.S. 2005/0121792) as prior art against Defendant during the prosecution of Defendant's own patents.  (Dkt. No. 1 ¶ 93).  Now, the parties dispute whether that citation is sufficient to plausibly allege that Defendant had pre-suit knowledge of the '623 Patent for purposes of willful infringement.

Defendant argues that the Office's citation of the '623 Patent's prior publication may not establish that Defendant had pre-suit knowledge of the '623 Patent itself.  (Dkt. No. 10, at 6–7).  Defendant reasons that "knowledge of a patent application is ***not enough on its own*** to establish willfulness."  (*Id*. (citation omitted) (emphasis in original)).  As support, Defendant notes that the '623 Patent contains different claims than its prior publication, asserting that it had no knowledge of the issued claims.  (*Id*. at 8).

Plaintiff responds that these facts are more than sufficient to plausibly allege that Defendant had pre-suit knowledge of the '623 Patent.  (Dkt. No. 26 at 4–5).

The Court agrees with Plaintiff.  At this stage of the proceedings, it is plausible to infer that a defendant became aware of a patent through its investigation of that patent's corresponding application or publication.  *See Blitzsafe*, 2016 WL 4778699, at *6.  Plaintiff alleges exactly this.

Accordingly, the Court finds that the Motion should be **DENIED** with respect to pre-suit willful infringement of the '623 Patent.

*(C) <u>The '572 Patent</u>*

The '572 Patent is related to but distinct from U.S. Publication No. 2005/0070086.  (*See* Dkt. No. 1 ¶ 105).  On February 06, 2018, the Office cited that publication to Defendant as a prior art reference against Defendant's patent application.  (*Id.*; *see also* Dkt. No. 10, at 7).  Now, the parties dispute whether the Office's citation of publication that is related to but distinct from an issued patent is sufficient to provide the requisite knowledge of that issued patent.  (*See* Dkt. No. 10, at 7; Dkt. No. 26, at 6).

Defendant argues that the Office's citation of U.S. Publication No. 2005/0070086 is "irrelevant" and "cannot support knowledge" of the '572 Patent.  (Dkt. No. 10, at 7–8).  Defendant reasons that knowledge of an application within the same family as an asserted patent, but not the asserted patent itself, is insufficient to establish knowledge of that asserted patent.  (*Id*. at 8 (citation omitted)).

Plaintiff argues that Defendant has not met its burden of showing that dismissal is warranted here.  (Dkt. No. 26, at 6).  Plaintiff asserts that the case law "does not support [Defendant's] broad position."  (*Id*.).

The Court agrees with Defendant.  A Defendant's knowledge of a publication or application that does not correspond to a patent is insufficient to support an allegation that the defendant knew of that patent.  *See Touchstream Techs., Inc. v. Altice USA, Inc.*, 2024 WL 1117930, at \*2 (E.D. Tex. Mar. 14, 2024) (citing *Windy City Innovations, LLC v. Microsoft Corp.*, 193 F. Supp. 3d 1109, 1117 (N.D. Cal. 2016)).  Indeed, "[t]o willfully infringe *a patent* . . . one must have knowledge of it."  *State Indus.*, 751 F.2d at 1237 (emphasis in original). Here, there is no dispute that U.S. Publication No. 2005/0070086 does not correspond to the '572 Patent.  (Dkt. No. 26, at 6 ("The

'572 Patent is a division of . . . application No. 2005/0070086")).  Accordingly, the publication's citation may not establish knowledge of the '572 Patent.

Accordingly, the Court finds that the Motion should be **GRANTED** as to pre-suit willful infringement of the '572 Patent.

### (D) *The '373 Patent*

Defendant argues that the Complaint has not pled that Defendant had pre-suit knowledge of the '373 Patent.  (Dkt. No. 10, at 2).  However, Plaintiff represents that it is not "alleg[ing] willful infringement of the '373 Patent by [Defendant] prior to the filing of this lawsuit."  (Dkt. No. 26, at 4, n. 2).  This issue is therefore moot.

Accordingly, the Court finds that the Motion should be **DENIED AS MOOT** with respect to pre-suit knowledge of the '373 Patent.

### (2) *Deliberate or intentional conduct*

Defendant argues that the Complaint has not "[pled] adequate facts to establish culpable conduct" for pre- and post-suit willful infringement as to the '751, '623, and '572 Patents.  (Dkt. No. 10, at 10).  As support, Defendant notes the Complaint's allegation that "[Defendant's] continued infringement . . . was intentional and deliberate," labeling this as devoid of any facts. (*Id*. at 9 (citation omitted)).

Plaintiff disagrees.  Plaintiff asserts that its allegations are sufficient to establish culpable conduct at this stage of the case.  (Dkt. No. 26 at 7).

The Court agrees with Plaintiff.  This Court has "reject[ed] arguments that the plaintiff must allege facts raising a plausible inference of egregious or culpable conduct at the 12(b)(6) stage."  *Dialect, LLC v. Bank of America, N.A.*, 2024 WL 4980794, at \*4 (E.D. Tex. Dec. 4, 2024) (collecting cases).  Plaintiff's allegations are sufficient.

8

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

**(b) Induced infringement**

Next, Defendant moves to dismiss "[Plaintiff's] pre- and post-suit induced infringement claims" on the basis that Complaint has not sufficiently alleged that Defendant had: (1) pre-suit knowledge of the Asserted Patents; (2) knowledge of its infringement of the Asserted Patents; and (3) the specific intent for induced infringement.[1]  (Dkt. No. 10, at 10).  The Court addresses each in turn.

### (1) Pre-suit knowledge of the Asserted Patents

"Like a willful infringement claim, indirect infringement claims require a showing that the accused infringer knew of" the patent-in-suit.  *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 778 (W.D. Tex. Feb. 1, 2022) (citing *Commil*, 575 U.S. at 639 (2015)).  Thus, for the same reasons noted above, Plaintiff's pre-suit induced infringement claims for the '751 and '623 Patents remain intact.  However, by that same token, Plaintiff's pre-suit induced infringement claims as to the '572 Patent fail.

Accordingly, the Court finds that this portion of the Motion should be **DENIED** with respect to the '751 and '623 Patents but **GRANTED** as to the '572 Patent.

### (2) Knowledge of infringement and specific intent

Defendant argues that "[Plaintiff's] pre- and post-suit induced infringement claims should be dismissed for two (2) additional reasons.  (Dkt. No. 10, at 13).  First, Defendant asserts that Plaintiff has conceded that Defendant had no pre-suit knowledge of direct infringement.  (*Id*. at 11; Dkt. No. 27, at 4).  As support, Defendant cites the Complaint's allegation that Defendant has

---

[1] The Court notes that Plaintiff has represented that it "does not allege induced infringement of the '373 Patent." (Dkt. No. 26, at 9 n. 5).  Accordingly, the Court finds that this portion of the Motion should be **DENIED** with respect to that patent.

known of its customers' direct infringement "since at least the filing of this Complaint." (Dkt. No. 10, at 11 (citing Dkt. No. 1 ¶¶ 75, 88, 104, 1118)). Second, Defendant contends that the Complaint has not adequately pled that Defendant "specifically intended a third party to directly infringe any of the Asserted Patents." (*Id*. at 12 (citing Dkt. No. 1 ¶¶ 89, 118)).

Plaintiff argues in response that "[its] claims for both pre- and post-suit induced infringement are well-pleaded." (Dkt. No. 26, at 9). First, Plaintiff maintains that the Complaint "support[s] a reasonable inference" that Defendant knew its customers' acts constituted direct infringement of the Asserted Patents. (*Id*. at 8; Dkt. No. 29, at 4). Plaintiff further asserts that a lack of pre-suit knowledge of direct infringement is not "an independent basis for dismissal" of Plaintiff's claims for pre-suit induced infringement. (Dkt. No. 26, at 8). Second, Plaintiff asserts that it has pled both specific intent and inducement. (*Id*. at 10). Specifically, Plaintiff points to the Complaint's allegation that Defendant "actively encourages" customers to purchase, import, and integrate the infringing devices into user products "while knowing that these customers will commit direct . . . infringement." (*Id*. at 11 (citing Dkt. No. 1 ¶¶ 75, 88–89, 104, 118–119)).

The Court agrees with Plaintiff on both accounts. First, the Complaint pleads that Defendant knew of the Asserted Patents and took active steps to encourage its customers to use the Accused Products. (*See* Dkt. No. 1 ¶ 75). These facts are sufficient for the Court—who must draw all inferences in a light most favorable to Plaintiff—to infer that Defendant knew of its customers underlying direct infringement. *See Advanced Coding Techs. LLC v. Google LLC*, 759 F. Supp. 3d 755, 759 (E.D. Tex. Dec. 13, 2024).

Second, Plaintiff has adequately pled both specific intent and inducement. Indeed, "[t]he intent necessary for a claim of "inducement can be found where there is evidence of active steps taken to encourage direct infringement . . . [such as] 'advertising an infringing use.'" *Dialect*,

2024 WL 4980794, at *4 (collecting cases) (cleaned up); *see also Uniloc USA, Inc. v. Motorola Mobility LLC*, 2017 WL 3721064, at *4 (E.D. Tex. May 15, 2017).  Here, the Complaint alleges that Defendant "actively encourages its customers to employ [the] infringing process nodes . . . by and through [their] . . . marketing efforts and staff."  (Dkt. No. 1 ¶¶ 75, 88, 104, 118).  Thus, at this stage of the proceedings, the Court may find that the Complaint has adequately alleged a specific intent to induce infringement.  To require more would improperly force Plaintiff to "prove its case at the pleading stage."  *In re Bill of Lading*, 681 F.3d at 1340.

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

### (c)  Contributory Infringement

Defendant argues that Plaintiff's contributory infringement claims for the '623 and '373 Patents are "conclusory and legally insufficient," warranting dismissal.  (Dkt. No. 10, at 13–14).  Specifically, Defendant insists that the Complaint recites the legal elements of contributory infringement but fails to plead any supporting facts thereto.  (*Id*. (citing Dkt. No. 1 ¶¶ 99, 122)).

Plaintiff disagrees.  Plaintiff argues that it goes "far beyond" making a legal conclusion that Defendant contributorily infringes the '623 and '373 Patents.  (Dkt. No. 26, at 13).  As support, Plaintiff maintains that the Complaint pleads that the accused products in this case are designed for a use that infringes the patents and has no substantial non-infringing use.  (*Id*. at 14).

Plaintiff is correct.  An allegation that the accused products "'are designed for a use that is both patented and infringing, and that has no substantial non-infringing use' . . . is sufficient to support a plausible claim [of contributory infringement]."  *Barkan Wireless IP Holdings, L.P. v. T-Mobile US, Inc.*, 2021 WL 12310942, at *4 (E.D. Tex. Nov. 18, 2021) (collecting cases).  Here, that is what Plaintiff has alleged.  (Dkt. No. 1 ¶ 92 ("The Accused FinFET Products are not staple

11

articles nor a commodity of commerce suitable for substantial non-infringing use because they cannot be used individually without incorporation into electronic components and products")).

Accordingly, the Court finds that this portion of the Motion should be **DENIED**.

IV.     **CONCLUSION**

For the foregoing reasons, the Court finds that the Motion should be and hereby is **GRANTED** as to as to pre-suit willful and induced infringement of the '572 Patent only but **DENIED** in all other respects.  Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims for pre-suit willful and induced infringement of the '572 Patent.  However, it is further **ORDERED** that Plaintiff shall have leave within **14 days from the date of this Order** during which to file an amended pleading, addressing the legal theories and shortcomings noted above.

**So Ordered this**

**Mar 10, 2026**

_____
RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE

12